UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Selective Med Components, Inc.,**

    **Plaintiff,**

**-V-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 2:04-535**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**JUDGE SMITH**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**Magistrate Judge Kemp**

**Somaticare, Inc. dba**
**National Access Medical,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Selective Med Components, Inc.'s Motion for Summary Judgment (Doc. 42). Defendant has failed to respond to Plaintiff's Motion. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff Selective Med Components, Inc. is an Ohio corporation that manufactures and sells disposable adhesive electrodes and related products for use by the medical industry for diagnostic and electro-stimulation purposes. Defendant Somaticare is a Texas limited liability company that buys medical products for resale to its customers. Mr. Malcolm, who was originally named as a defendant, but dismissed for lack of personal jurisdiction, is the president and sole member of Somaticare and is a resident of Texas.

In January 2002, the President of Selective Med Components, Richard Fisher, contacted Mr. Malcolm to inquire about Somaticare's interest in purchasing medical products from Selective Med Components.  Somaticare did not make any product purchases at that time.  Later, in June 2002, another representative from Selective Med Components in Denver, Colorado contacted Somaticare about Somaticare's interest in purchasing medical products from Selective Med Components. As a result of this contact, Somaticare placed one or two orders for Selective Med Components products through Selective Med Components' Denver, Colorado representative.

Somaticare had no further contact with Selective Med Components until April 2003, when Kevin Faulkner, a sales representative independent of Selective Med Components, contacted Somaticare about purchasing Selective Med Components electrodes.  In order to facilitate the purchase of Selective Med Components products, Mr. Faulkner arranged for Somaticare to submit a credit application to Selective Med Components and arranged for a guaranty, which Mr. Malcolm signed. As a result of the contact by Mr. Faulkner, Somaticare began placing orders for Selective Med Components products on credit through Mr. Faulkner's office in Chattanooga, Tennessee. Mr. Faulkner would then place the order with Selective Med Components in Ohio. Somaticare received invoices and made payments to Selective Med Components in Ohio.

In December 2003, Somaticare began placing orders directly with Selective Med Components in Ohio.  At some point after credit was extended to Somaticare and Somaticare purchased products from Selective Med Components on credit, Somaticare fell behind in its payments on this line of credit. In April 2004, Somaticare ceased purchasing Selective Med

Components products because it had been receiving complaints from its customers that Selective Med Components' electrodes were falling apart or failed to function properly. By April 2004, Somaticare owed $121,682.99 to Selective Med Components, of which $27,751.24 was past due. Because of this failure to pay sums past due, Selective Med Components claims that Somaticare is in breach of its agreement with Selective Med Components.

Consequently, on April 28, 2004, Selective Med Components filed suit against Somaticare and Mr. Malcolm, as guarantor of the credit line, in the Knox County, Ohio Court of Common Pleas for judgment in the amount of $121,682.99, pre-judgment interest at the rate of 10 percent per annum, and costs and post-judgment interest at the rate of 10 percent per annum until the judgment is fully paid. On June 21, 2004, Defendants removed the action to this Court on the basis of diversity jurisdiction. Defendants then moved to dismiss the case for lack of personal jurisdiction, or alternatively, for transfer of venue which was granted in part and denied in part, dismissing Mr. Malcolm from the case, but retaining jurisdiction over Somaticare..

Plaintiff moved for summary judgment on July 6, 2006. Defendant has failed to respond. In fact, Defendant's previous counsel withdrew from the case and it does not appear that Somaticare is currently represented. However, it does appear from the Court's docket that Defendant Somaticare was properly served with a copy of Plaintiff's Motion for Summary Judgment. Therefore, in light of Plaintiff's failure to respond, the Court's reliance on the facts offered by the movant is proper and sufficient. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399 (6th Cir. 1992).[1]

---

[1] Dozens of cases have dealt with the failure of a party to respond to a dispositive motion and have consistently reached the same conclusion that it is proper for the Court to rely on the movant's version of the facts. *See Littlejohn v. Larson*, 891 F.2d 29, 1989 WL 147110 (6th Cir.

## II.  SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

---

(Mich.))(summary judgment was proper where plaintiff failed to respond to defendant's motion for summary judgment and therefore no genuine issue of material fact existed); *see also Shy v. Bhatt*, 909 F.2d 1484, 1990 WL 115854 (6th Cir. (Ky.))(district court's granting of summary judgment was proper because plaintiff failed to respond and the record shows no genuine issue of material fact).

133, 150-51 (2000).[2] The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (*quoting Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not

---

[2] *Reeves* involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment under Fed. R. Civ. P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, *Reeves*, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the nonmoving party. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). As such, *Reeves* did not announce a new standard of review for summary judgment motions.

sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (*quoting Matsushita*, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* at 1479-80.  That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.  *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III.  DISCUSSION

Plaintiff asserts in the Complaint that Defendant Somaticare ordered goods from it between mid-2002 and April 22, 2004, 103 orders totaling $344,492.33, yet only paid for shipments totaling $209,987.34, leaving an unpaid balance of $134,504.99.  Plaintiff asserts that all shipments were made to Defendant Somaticare per its request.  Plaintiff explains that when payments were received by Somaticare, such payments were applied against the oldest unpaid invoices.

The Court has reviewed the invoices submitted by Plaintiff in support of the Motion for Summary Judgment.  Absent any contrary showing by Defendant Somaticare, there are no genuine issues of material fact as to whether this money is due and owing.  Plaintiff is therefore entitled to summary judgment against Defendant and is hereby awarded judgment in the requested amount, $134,509.99, plus pre-judgment interest at the rate of 5% from April 22, 2004, the date of the last shipment to Somaticare.

## IV. CONCLUSION

Based on the above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment. Defendant Somaticare is ordered to pay Plaintiff $134,504.99, plus pre-judgment interest at the rate of 5% from April 22, 2004.

The Clerk shall remove Document 42 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.


**IT IS SO ORDERED.**


   /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**